**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID LEE BRADSHAW,

     Plaintiff,

v.                                      Case No. 1:22-CV-00139-MIS-LF

MANAGEMENT AND TRAINING CORPORATION,
a foreign corporation doing business in New Mexico, *et al.*,

     Defendants.

**STIPULATED ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR LIMITED EARLY DISCOVERY,
PROTECTIVE ORDER, AND FURTHER EXTENSION OF TIME FOR
<u>SERVICE OF PROCESS ON DEFENDANT MATTHEW L. ROUNSEVILLE, D.O.</u>**

THIS MATTER comes before the Court on Plaintiff's Unopposed Motion for Limited Early Discovery, Protective Order, and Further Extension of Time for Service of Process on Defendant Matthew L. Rounseville, D.O. (Doc. 88) filed August 28, 2023. Having reviewed the pleadings of record and being fully advised, the Court finds that the motion is unopposed and states good cause for the requested relief.

IT IS THEREFORE ORDERED that Plaintiff's Unopposed Motion for Limited Early Discovery, Protective Order, and Further Extension of Time for Service of Process on Defendant Matthew L. Rounseville, D.O. (Doc. 88) is GRANTED as follows:

1.     The time for Plaintiff to serve Defendant Rounseville with the First Amended Complaint is extended for an additional ninety (90) days until December 15, 2023;

2.     Neither Defendants' position on Plaintiff's Motion nor any of the relief granted in this Order are to be construed as a waiver of any immunities or defenses they have asserted or may assert in response to Plaintiff's claims in this matter;

3.     Plaintiff is authorized to conduct early discovery under Fed. R. Civ. P. 26(d) that is:

a.      limited to the issues of Defendant Rounseville's current whereabouts, capacity to be served and participate in this litigation, and potential need for a guardian ad litem,

b.      limited to no more than three (3) subpoenas duces tecum under Fed. R. Civ. P. 45 directed to non-parties and no more than three (3) depositions under Fed. R. Civ. P. 31(a)(2)(A)(iii) directed to non-parties, to be served and taken in accordance with the Federal Rules of Civil Procedure, and

c.      to be completed by no later than December 15, 2023;

4.      For good cause shown under Fed. R. Civ. P. 26(c), the Court hereby orders that all documents and materials produced in the course of the limited early discovery authorized in Paragraph 3 above are to be designated as "Confidential Information" subject to the following protections:

a.      **Form and Timing of Designation**. The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be

marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

**b.      Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovery of the inadvertent failure.

**c.      Depositions.** All deposition testimony, transcripts and exhibits which form part of the limited early discovery authorized by Paragraph 3 above will be deemed "Confidential Information" and marked as such under this Order.

**d.      Protection of Confidential Material.**

**(i)      General Protections**. Designated Confidential Information must be used or disclosed solely for the purposes identified in Paragraph 3 above, to wit: determining Defendant Rounseville's current whereabouts, capacity to be served and participate in this litigation, and potential need for a guardian ad litem;

**(ii)      Who May View Designated Confidential Information.** Unless leave for further disclosure is granted by further order of the court, designated Confidential Information may only be disclosed to the following persons in the course and scope of their duties related to this case:

(i) The parties and their counsel in this litigation, including employees, agents, and representatives of the parties' counsel as necessary to carry out the limited purposes described above;

(ii) The court and court personnel, including any guardian ad litem, court-appointed expert, or other specialized personnel appointed by the court;

(iii) Court reporters, recorders, and videographers engaged for depositions;

(iv) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have been provided with a copy of this Order;

(v) Potential, anticipated, or actual fact witnesses and their counsel, but only for the specific purposes of the limited early discovery described above, and only to the extent of showing such confidential documents or information to them for the purpose of assisting the witness in recalling, relating, or explaining facts or in testifying without allowing them to keep or retain a copy of the confidential documents or information in their possession, and only after such persons have been provided with a copy of this Stipulated Confidentiality Order;

(vi) The author or designated recipient of the document (not including a person who only received the document in the course of the litigation); and

(vii) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

**(iii) Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

e.    **Filing of Confidential Information.** In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) submitting the document solely for *in camera* review where appropriate and with the consent of the party who designated the document as confidential, or (b) if such *in camera* review is inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit by obtaining an order from this Court granting leave to do so. The party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential, the

nature of the confidential information contained in the document, and the reasons why the document is sealable. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal, and the parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and court-authorized personnel will have access to the sealed documents via the Court's electronic filing system.

f.      **Challenges to a Confidential Designation**. The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith with opposing counsel to attempt to resolve the objection informally. A party that thereafter elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

g.      **Use of Confidential Documents or Information in Court Hearings**. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential

document be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the hearing.

       **h.**      **Obligations on Conclusion of Litigation.**

The parties agree that the provisions regarding confidentiality in this Order will remain binding on them until and unless one or more of the parties notify the Court and each other of a desire to re-open the case to modify and/or enforce the confidentiality provisions in this Order.

       **i.**      **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

       **j.**      **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating the limited early discovery described above. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Rule 1-026(C) or otherwise until such time as the court may rule on a specific document or issue.

       **h.**      **Persons Bound by Protective Order**. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

       SO ORDERED.

_____
HONORABLE LAURA FASHING
United States Magistrate Judge

Respectfully submitted by:

**ROTHSTEIN DONATELLI LLP**

  /s/ Arne R. Leonard
ARNE R. LEONARD
CAROLYN M. "CAMMIE" NICHOLS
500 4th Street, N.W., Suite 400
Albuquerque, New Mexico 87102
505-243-1443
Fax: 505-242-7845
cmnichols@rothsteinlaw.com
aleonard@rothsteinlaw.com

*Attorneys for Plaintiff David Lee Bradshaw*

Approved by:

SUTIN, THAYER & BROWNE

A Professional Corporation

By:    *e-mail approval 08-25-2023*
       Christina Muscarella Gooch
       P.O. Box 1945
       Albuquerque, NM 87103
       Telephone: (505) 883-3433
       tmg@sutinfirm.com
       *Attorney for Defendants Management &
       Training Corp., Warden R. Martinez, Robert
       Ochoa, Richard Ayala, David Jaquez, Jose
       Olague, and Otero County Board of County
       Commissioners*

LONG, KOMER & ASSOCIATES, P. A.

*Attorneys for Defendants New Mexico Corrections Department and Alisha Tafoya Lucero*


 *e-mail approval 08-28-2023*
NANCY R. LONG
JONAS M. NAHOUM
P.O. BOX 5098
Santa Fe, NM 87502-5098
505-982-8405
*nancy@longkomer.com*
*jonas@longkomer.com*
*email@longkomer.com*


NEW MEXICO ASSOCIATION OF COUNTIES

 *e-mail approval 08-28-2023*
BRANDON HUSS
DAVID ROMAN
601 Rio Grande Blvd., NW
Albuquerque, New Mexico 87104
(505) 820-8116
bhuss@nmcounties.org
droman@nmcounties.org
*Attorneys for Defendant David Black*


PARK & ASSOCIATES, LLC

 *e-mail approval 08-28-2023*
James J. Grubel
Alfred A. Park
3840 Masthead Street, N.E.
Albuquerque, NM 87109
(505) 246-2805
jgrubel@parklawnm.com
*Counsel for Defendants Wexford Health Sources, Inc. and Keshab Paudel, M.D.*