IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LEE BRADSHAW,

     Plaintiff,

v.                                                                    No.  1:22-cv-00139-SMD-LF

MANAGEMENT AND TRAINING
CORPORATION, *et al*.,

     Defendants.

## STIPULATED PROTECTIVE ORDER

THIS MATTER comes before the Court upon the agreement of Plaintiff David Lee

Bradshaw, by and through his attorneys Rothstein Donatelli LLP (Carolyn M. "Cammie"

Nichols, Carey Bhalla and Alejandro Alvarado), Defendants Management & Training

Corporation, Warden Martinez, R. Ochoa, R. Ayala, D. Jaquez, J. Olague, by and through their

attorneys, Sutin, Thayer & Browne, A Professional Corporation (Christina Muscarella Gooch),

and Defendants NMCD, , Wexford Health Sources, Inc., Keshab Paudel, M.D., and Michelle

Lalley Blake as the Special Administrator for the Estate of Matthew L. Rounseville, D.O., by and

through their attorneys, Park Law (James Grubel) (collectively, "Parties"). Pursuant to the

Parties' agreement and the Court's authority under Fed. R. Civ. P. 26, the Court ORDERS the

following:

### I.    SCOPE OF PROTECTED INFORMATION

During discovery in this action, the Parties may be required to produce information that

constitutes, in whole or in part, protected information such as medical records, trade secrets, non-

public research and development, personnel, proprietary, commercial or financial information, or

other information that may cause harm to the producing party or a non-party. The Parties

anticipate production of the following categories of protected information: (a) personnel and inmate files; (b) medical records; and (c) trade secret and proprietary pricing, staffing, processes, policies and procedure records and information. The scope of this Order shall include all copies, excerpts, summaries, or notes that are prepared or derived from and that incorporate or reflect information contained in any Confidential material, as well as testimony and oral conversation derived from or related to such material. This Order does not apply to information or documents that are available to the public or have not previously been kept in a confidential manner.

## II.    DESIGNATION OF PROTECTED INFORMATION

A.    Scope: Any party or non-party who produces protected information in this action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party (or parties) pursuant to the terms of this Order.

B.    Application to Non-Parties: With the exception of retained experts or consultants who have entered into formal confidentiality agreements, before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the Parties to this

2

action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A. Again, the procedure outlined in this paragraph does not apply to retained experts or consultants who have entered into formal confidentiality agreements

C.      Timing and Provisional Protection: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D.      Manner of Designation: Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image.

### III.    CHALLENGES TO DESIGNATED INFORMATION

If a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to Fed. R. Civ. P. 26. The Receiving Party must provide written notice of the challenge and the grounds therefore to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

### IV.    LIMITED ACCESS/USE OF PROTECTED INFORMATION

A.    <u>Restricted Use</u>: Information that is produced or exchanged during this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care regarding the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of

4

Confidential or Attorneys' Eyes Only information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

        B.        <u>Access to "Confidential" Information:</u> The Parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. Experts or consultants who have been retained by a party and have entered into formal confidentiality agreements;

4. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

5. Vendors employed by the Parties or their counsel for purposes of assisting with the collection, review, processing, and hosting of documents or electronically stored information produced in this action, so long as each vendor has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

6. Stenographic reporters, videographers, copying services, and imaging services;

7. A witness on behalf of, or current or former employees, agents, consultants, or independent contractors of the Designating Party; any witness who has

previously had access to Confidential information; and any witness whose testimony is otherwise relevant to the claims or defenses in this matter; provided, that at the request of the Designating Party, counsel wishing to disclose such Confidential information must inform such witnesses of this Protective Order and request that the witness shall abide by the terms of the Protective Order; or

8.  Other witnesses or persons with the Designating Party's consent or by court order.

C.      <u>Access to "Attorneys' Eyes Only" Designations:</u> The Parties and all persons subject to this Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1.  The Court, its personnel, and court reporters;

2.  Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3.   In-house counsel for a party in this action who are informed of the duties hereunder;

4.  Experts or consultants who have been retained by a party and have entered into formal confidentiality agreements;

5.  Vendors employed by the Parties or their counsel for purposes of assisting with the collection, review, processing, and hosting of documents or electronically stored information produced in this action, so long as each vendor has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

6.  Stenographic reporters, videographers, copying services, and imaging services;

7.  Any witness who has previously had access to Attorneys Eyes Only information, provided, that at the request of the Designating Party, counsel wishing to disclose such Attorneys Eyes Only information must inform such witnesses of this Protective Order and request that the witness shall abide by the terms of the Protective Order; or

8.  Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

D.    <u>Review of Witness Acknowledgments:</u> At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

E.      Non-Waiver Effect of Designations: Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

F.      In-Court Use of Designated Information: If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## V.      CLAW-BACK REQUESTS

A.      Failure to Make Designation: If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of

8

confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.      Inadvertent Production of Privileged Information: If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The Parties must also comply with R Fed. R. Civ. P. 26 before seeking Court intervention to resolve any related dispute.

## VI.     DURATION/CONTINUED RESTRICTIONS

A.      Handling of Designated Information Upon Conclusion of Action: Upon conclusion of this action, including all appeals, the Designating Party (or parties) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored. Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the

9

authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

B.      Continued Restrictions Under this Order: The restrictions on disclosure and use of confidential information survive the conclusion of this action.

## VII.   REQUESTS TO SEAL

The Parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as Confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the Designating Party. If the party filing the document containing confidential information is the Designating Party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the

10

document is not the Designating Party, the designating party must file a declaration identifying

the confidential information contained in the document and stating whether the designated

material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file

under seal. If the Designating Party does not file a responsive declaration within the fourteen day

time period, the submitting party may file the document in the public record no earlier than four

days, and no later than ten days, after the motion is denied.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge


Submitted by:

SUTIN, THAYER & BROWNE
A Professional Corporation

By: _/s/ Christina Muscarella Gooch_____
        Christina Muscarella Gooch
P.O. Box 1945
Albuquerque, NM 87103
Telephone: (505) 883-3433
tmg@sutinfirm.com
*Attorneys for Defendants Management &*
*Training Corp.*

Approved by:

ROTHSTEIN DONATELLI LLP

By: _/s/ Carey Bahalla_____
        Carolyn M. "Cammie" Nichols
        Carey Bhalla
        Alejandro Alvarado
500 4th Street NW, Suite 400
Albuquerque, NM  87102
(505) 243-1443
cmnichols@rothsteinlaw.com
cbhalla@rothsteinlaw.com
aalvarado@rothsteinlaw.com

Linda G. Hemphill, Esq.
THE HEMPHILL FIRM, P.C.
P.O. Box 33136
Santa Fe, New Mexico 87594
(505) 986-8515
linda@hemphillfirm.com

William H. Snowden
THE SNOWDEN LAW FIRM PC
3550 Trinity Dr #B-4
Los Alamos, New Mexico 87544-1775
505-695-6183

11

whsnowden@yahoo.com
*Attorneys for Plaintiff David Lee Bradshaw*

PARK & ASSOCIATES, LLC

By: __*/s/ James Grubel*_____
         James J. Grubel
3840 Masthead Street, N.E.
Albuquerque, NM 87109
(505) 246-2805
jgrubel@parklawnm.com
*Counsel for Wexford Health Sources, Inc.*
*Dr. Keshab Paudel, , Michelle Lalley Blake,*
*as Special Administrator of the Estate of*
*Matthew L. Rounseville, and NMCD*

12

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DAVID LEE BRADSHAW**,

      Plaintiff,

v.                                        Case No.  1:22-CV-00139-MIS-LF

**MANAGEMENT AND TRAINING CORPORATION**,
a foreign corporation doing business in New Mexico, *et al*.,

      Defendants.

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the

"Stipulated Protective Order" in this matter ("Protective Order"). The undersigned further agrees

he/she (i) is bound under the Protective Order, (ii) will comply with all its provisions, and (iii) is

subject to the jurisdiction of the Court for all purposes arising under the Protective Order,

including enforcement of its terms.

Date: _____          By: _____
                                       (signed)

                                            Print: _____